IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

    CABINET CONNECTION, Inc.,

    Debtor.

ROBERT T. BRUEGGE, Trustee,

    Plaintiff,

v.

FIRST MID-ILLINOIS BANK,

    Defendant.

Chapter 7

Bkr. Case No. 05-61257

Adv. No. 06-06037

Case No. 06-cv-728-DRH

## ORDER

**HERNDON, District Judge:**

       Pursuant to the Court's October 17, 2006 Order (Doc. 3), Defendant has filed its Memorandum of Law (Doc. 4) in support of its Motion to Withdraw Reference (Doc. 1). Basically, the Court ordered Defendant "to show why, under **28 U.S.C. § 157**, reference of this matter to the Bankruptcy Court should be withdrawn, making appropriate citations to supporting statutory and/or case law" (Doc. 3, p. 2). In reviewing the Memorandum, the Court determines Defendant has sufficiently made this showing. Moreover, Plaintiff has not filed a Response asserting otherwise.

       Therefore, the Court **GRANTS** Defendant's Motion (Doc. 1), and hereby **WITHDRAWS** the reference to the Bankruptcy Court of the above-captioned

adversary proceeding, finding that: (1) the above-captioned adversary proceeding, as it appears to be a state law cause of action to collect prepetition accounts receivable, is not a core proceeding;[1] (2) Defendant has not expressly consented to reference of this matter to the Bankruptcy Court; (3) Defendant has neither filed a proof of claim nor counterclaim in the pending bankruptcy matter; and (4) as Defendant does not consent to the reference, allowing the Bankruptcy Court to determine findings of fact and conclusions of law for this Court's *de novo* review would amount to an inefficient use of judicial resources.  **See 28 U.S.C. § 157**.

**IT IS SO ORDERED.**

Signed this 5th day of January, 2007.

/s/        David  RHerndon
**United States District Judge**

---

[1] In the Complaint from the Adversary Proceeding related to the instant matter, the Bankruptcy Trustee ("Plaintiff") alleges it is a core proceeding under **28 U.S.C. § 157(b)(2)(A)**, categorized as "matters concerning the administration of the estate."  The Court does not endeavor to read this category of core proceedings so broadly.  Instead, the Court will adhere to the guidance provided by higher courts.  ***See Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71, 102, S. Ct. 2858, 2871 (1982)("[T]he restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages . . . ."); *see also Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990)("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.")(quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987))**.